UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE DEMARIO WILLIAMS,

    Plaintiff,

v.                                  CASE NO. 2:18-cv-13846
                                  HONORABLE DENISE PAGE HOOD

G. ROBERT COTTON C.F.,

    Defendant.
_____/

# OPINION AND ORDER
# DISMISSING SOME DEFENDANTS
# AND
# DIRECTING PLAINTIFF TO IDENTIFY
# THE REMAINING DEFENDANTS

## I. Introduction

Plaintiff Dwayne Demario Williams, a state prisoner at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* civil rights complaint on December 11, 2018. Plaintiff brought his complaint under 42 U.S.C. § 1983 for alleged violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. The only named defendant is the G. Robert Cotton Correctional Facility in Jackson, Michigan.

Plaintiff alleges that, on the day after he was sentenced for a sex offense in 2017, someone stole his two televisions at the Cotton Correctional Facility where he was confined at the time, and twenty-five inmates brutally beat him. According to

Plaintiff, correctional officers did not stop the beating until the last minute, and staff in the health care unit at the prison did not send him to the hospital to check for brain damage even though someone had stomped on him. He was placed in protective custody, but he was not permitted to call his mother. Another inmate contacted his mother, but when she called the prison, a correctional officer told her that there was nothing wrong with him. He was not able to call his mother until he was transferred to another correctional facility about two weeks after the beating, and his administrative grievance about his televisions was denied.

Plaintiff asserts that inmates at the Cotton Correctional Facility paid correctional officers so that they could beat him, and after he was transferred to another prison, an officer told a gang member that he was incarcerated for a sex offense. Plaintiff alleges that he now fears for his life because inmates do not treat sex offenders kindly.

Plaintiff seeks injunctive relief in the form of: better video monitoring in day rooms at Michigan correctional facilities; surveillance rounds by correctional officers every thirty minutes in all Michigan correctional facilities; an investigation of correctional officers; and disciplinary action taken against the officer who prevented him from calling his mother. Plaintiff also seeks money damages, including: $500,000 from the Michigan Department of Corrections; $50,000 from

each of the officers who were present during the beating and the officer who prevented him from contacting his family; $100,000 from the warden who supposedly did nothing to prevent the officers from engaging in unlawful conduct; $625,000 from the inmates who beat him; and $20,000 from the medical unit at the Cotton Correctional Facility for medical malpractice.

## II. Legal Standard

The Court has granted Plaintiff permission to proceed without prepaying the fees and costs for this action. Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997e(c)(1); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative

level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. Discussion

#### A. The Michigan Department of Corrections and the Cotton Correctional Facility

The only named defendant in this action is the Cotton Correctional Facility, but it appears from Plaintiff's request for relief that he also seeks to hold liable the Michigan Department of Corrections, the warden and certain correctional officers at the Cotton Correctional Facility, the medical staff at the Cotton Correctional Facility, and the inmates who beat him. The Court will treat the complaint liberally as it must under *Haines v. Kerner*, 404 U.S. 519, 520 (1972), to include the Michigan Department of Corrections and the unnamed individuals mentioned in the complaint as defendants.

The claims against the Michigan Department of Corrections and the Cotton Correctional Facility are frivolous and fail to state a claim for relief because the Eleventh Amendment bars suits against a state and its departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)).

"The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983." *Thiokol Corp.*, 987 F.2d at 383 (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). The Michigan Department of Corrections, therefore, and the Cotton Correctional Facility are immune from suit and dismissed from this action.

**B. The Unnamed Warden**

Plaintiff alleges that the defendants violated his Eighth Amendment right not to be subjected to cruel and unusual punishment. "It is undisputed that the treatment

a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official violates the Eighth Amendment when (1) the deprivation alleged is sufficiently serious and (2) the prison official has a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In prison-conditions cases, a sufficiently culpable state of mind is one of deliberate indifference to an inmate's health or safety. *Id.*

Plaintiff attempts to hold the warden at the Cotton Correctional Facility liable for allowing correctional officers to be "crooked" and for not stopping their unlawful actions. Plaintiff appears to believe that the correctional officers accept bribes from inmates to the detriment of other inmates like him.

Prison "[o]fficials act with deliberate indifference if they know of a substantial risk to an inmate's safety, yet disregard that risk by failing to take reasonable measures to abate it." *Lewis v. McClennan*, 7 F. App'x 373, 375 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). But conclusory allegations do not state a plausible claim for relief, *Twombly*, 550 U.S. at 555, and Plaintiff has not shown that the prison warden knew of a substantial risk to his safety and disregarded that risk by failing to take reasonable measures to protect him.

A supervisory official's mere failure to intervene does not subject the official to liability under § 1983. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008). "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 800 (6th Cir. 1999) (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)).

To the extent Plaintiff is attempting to hold the warden liable on a *respondeat superior* theory of liability, his claim fails because vicarious liability does not apply to § 1983 suits. *Iqbal*, 556 U.S. at 676. Civil rights plaintiffs must plead what each Government-official defendant, through the official's own individual actions, did to violate the Constitution. *Id*. Plaintiff has failed to show that the warden, through his own acts or omissions, violated the Eighth Amendment. The unnamed warden, therefore, is dismissed from this suit.

### C. The Unnamed Inmates

Plaintiff's claim against the unnamed inmates who beat him also is meritless. A civil rights plaintiff must prove two elements to prevail on a claim under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). Because Plaintiff

7

has failed to show that the inmates who beat him "were operating as state actors at the time of the assault," his claim against those individuals lacks merit. *Lewis*, 7 F. App'x at 375. The unnamed inmates are dismissed from this lawsuit.

**D. The Medical Unit**

Plaintiff alleges that the medical unit at the Cotton Correctional Facility committed medical malpractice when they gave him bandages and an antibiotic cream, but failed to have him tested for possible brain damage. He has not said that he actually suffered a brain injury during the beating, and even though deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment,

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

> [W]hether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the [the states's tort claims act].

*Id.* at 107.

Although Plaintiff maintains that he should have been sent to the hospital for a determination of whether he suffered brain damage, he concedes that the medical

staff at the Cotton Correctional Facility treated him for his injuries after the beating. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

The proper forum for Plaintiff's medical malpractice claim is the state court. *Gamble*, 429 U.S. at 107. The Court therefore dismisses the unnamed medical professionals from this action.

### E. The Correctional Officers

Plaintiff's allegation that correctional officers failed to protect him from other inmates states a plausible claim for relief because the Eighth Amendment requires prison officials to "'take reasonable measures to guarantee the safety of . . . inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984)). Plaintiff's claim against the officer who prevented him from contacting his family after the beating also states a plausible claim for relief because

> [t]he Supreme Court has recognized that "'[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution,' *Turner v. Safley,* 482 U.S. [78] at 84 [107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)] ..., nor do they bar free citizens from exercising their own constitutional rights by reaching out to those on the 'inside,' *id.,* at 94–99 [107 S.Ct. at 2265–67]...." *Thornburgh v. Abbott,* 490 U.S. 401, 407, 109 S.Ct. 1874, 1878, 104 L.Ed.2d 459 (1989). In fact, federal court opinions have previously held that persons incarcerated in

9

> penal institutions retain their First Amendment rights to communicate with family and friends, *Morgan v. LaVallee,* 526 F.2d 221, 225 (2d Cir. 1975), and have recognized that "there is no legitimate governmental purpose to be attained by not allowing reasonable access to the telephone, and ... such use is protected by the First Amendment." *Johnson v. Galli,* 596 F. Supp. 135, 138 (D. Nev.1984).

*Washington v. Reno*, 35 F.3d 1093, 1099–1100 (6th Cir. 1994).

Plaintiff, however, has not identified the individual who allegedly prevented him from calling his mother. He also has not identified the correctional officers who allegedly failed to protect him from the assault by other inmates. The Court will give him forty-five days to identify those individuals.

### IV. Conclusion and Order

Plaintiff's claims against the Michigan Department of Corrections and the Cotton Correctional Facility are frivolous because those defendants enjoy immunity from suit under the Eleventh Amendment. The Department of Corrections and the Cotton Correctional Facility are dismissed from this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff also has failed to state plausible claims for relief against the warden at the Cotton Correctional Facility, the medical staff at the Cotton Correctional Facility, and the inmates who allegedly beat Plaintiff. The Court summarily dismisses those individuals from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff's allegations about the unnamed correctional officers who allegedly failed to protect him at the Cotton Correctional Facility on October 26, 2017, and who subsequently denied his request to call his family state plausible claims for relief.

Accordingly,

IT IS ORDERED that the Michigan Department of Corrections, the G. Robert Cotton Correctional Facility, the Warden at the Cotton Correctional Facility and the medical staff at the Cotton Correctional Facility are DISMISSED.

IT IS FURTHER ORDERED that within forty-five (45) days from the date of this Order, Plaintiff must identify in writing the first and last names of the correctional officers who allegedly failed to protect him and prevented him from making a phone call to his family after the beating. Plaintiff also shall provide the Court with the addresses for those individuals. If Plaintiff fails to timely comply with this order, the Court may dismiss the entire complaint.

s/ Denise Page Hood  
DENISE PAGE HOOD  
CHIEF JUDGE, UNITED STATES DISTRICT COURT

Dated: February 22, 2019