UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE DEMARIO WILLIAMS,

     Plaintiff,

v.

CASE NO. 2:18-cv-13846
HONORABLE DENISE PAGE HOOD

UNNAMED CORRECTIONAL
OFFICERS,

     Defendants.

_____/

# ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE

## I. Introduction

On December 11, 2018, plaintiff Dwayne Demario Williams filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepaying the filing fee. *See* Compl., Docket No. 1, and Application, Docket No. 2. At the time, Plaintiff was incarcerated at the Saginaw Correctional Facility in Freeland, Michigan.

The only defendant named on the face of the complaint was the G. Robert Cotton Correctional Facility in Jackson, Michigan. Plaintiff alleged in his complaint that while he was confined at the Cotton Correctional Facility in 2017, twenty-five inmates brutally beat him. Plaintiff also alleged that correctional officers did not immediately stop the beating, the health-care staff at the prison did not send him to

the hospital to check for brain damage, and he was not permitted to call his mother for about two weeks after the beating. Plaintiff sought monetary and injunctive relief for alleged violations of his constitutional rights. On February 19, 2019, Plaintiff notified the Court that he had been transferred to the Chippewa Correctional Facility in Kincheloe, Michigan. *See* Notice of Change of Address, Docket No. 8.

On February 22, 2019, the Court entered an order in which it liberally construed the complaint to be seeking relief from the Michigan Department of Corrections, as well as, certain unnamed state officials, medical staff, and inmates at the Cotton Correctional Facility. The Court summarily dismissed the Department of Corrections, the Cotton Correctional Facility, and the following unnamed individuals at the Cotton Correctional Facility: the warden, the medical staff, and the inmates who allegedly beat Plaintiff. In the same order, the Court directed Plaintiff to identify the unnamed correctional officers who allegedly failed to protect him and prevented him from calling his mother after the beating in 2017. The Court warned Plaintiff that it could dismiss the entire complaint if Plaintiff did not comply the Court's order within forty-five days of the order. *See* Op. and Order, Docket No. 9.

On March 20, 2019, the Court's order of partial dismissal was returned to the Court as undeliverable because Plaintiff's inmate number was not included in his

address. *See* Mail Returned as Undeliverable, Docket No. 10. On the same day, the Court re-sent its previous order to Plaintiff at the Chippewa Facility with his inmate number included in the address. *See* Text-Only Certificate of Service, March 20, 2019.

On April 16, 2019, the Court received a letter from Plaintiff in which he asks for guidance and help with his lawsuit. Plaintiff states in his letter that he is being treated unfairly by racist correctional officers and that certain correctional officers charged him in false or partially false prison misconduct reports. Plaintiff further alleges that the conditions at the Chippewa Facility are inhumane because inmates are forced to take cold showers and there are an inadequate number of working phones. *See* Letter, Docket No. 11.

Attached to Plaintiff's letter are exhibits, and following the exhibits, is a page on which Plaintiff acknowledges receipt of the Court's order of partial dismissal in this case. He writes:

> I did receive your Notice of Dismissal, and I assure you, I have no way to find out the officers' names, or the inmates' names because I keep to myself, and do not involve myself with them. I was only in that unit for a few weeks. My testimony and the pictures that w[ere] taken was all the proof I had.

*Id*. at 21, Page ID. 70.

## II. Discussion

Plaintiff was permitted to file his complaint without prepaying the filing fee. *See* Order Waiving Prepayment of the Filing Fee, Docket No. 4. Because he is indigent, the Court is required to order service of the complaint by the United States Marshal, a deputy marshal, or someone appointed by the court. Fed. R. Civ. P. 4(c)((3). Rule 4, however, provides that,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Federal Rules further provide that,

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

Fed. R. Civ. P. 41(b).

"[T]he permissive language of [this] rule – which merely authorizes a motion by the defendant" – does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). This District's Local Rules similarly provide that, "when it appears that . . . the parties have taken no action for a reasonable time, the

4

Court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing or remanding the case unless good cause is shown." LR 41.2 (E.D. Mich. Mar. 2, 1998).

Plaintiff filed his complaint on December 11, 2018, and even though the Court gave him forty-five days from February 22, 2019, to identify the correctional officers who allegedly failed to protect him at the Cotton Correctional Facility, he has not provided the Court with the necessary information. He also has failed to show good cause for failing to comply with the Court's previous order. He simply states in his letter to the Court that he has no way of determining the names of the officers who allegedly failed to protect him because he keeps to himself and because he was incarcerated at the Cotton Correctional Facility for only a few weeks. Without the names and addresses of the people whom Plaintiff seeks to sue, the Court is unable to order service of the complaint pursuant to Federal Rule of Civil Procedure 4(c)(3).

In his recent letter to the Court, Plaintiff identifies some correctional officers by name, but those officers allegedly falsified misconduct reports about Plaintiff at the Chippewa Correctional Facility. "[P]laintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009). "A plaintiff

5

who brings multiple claims, regardless of type, against defendants who are spread out at various institutions has fashioned an improper 'buckshot' complaint." *Bonner v. Washington*, No. 2:17-CV-11863, 2018 WL 1098698, at *1 (E.D. Mich. Feb. 28, 2018) (unpublished opinion quoting *Proctor*, 661 F. Supp.2d at 779).

The facts in this case, moreover, differ significantly from the facts in *Berndt v. Tennessee,* 796 F.2d 879 (6th Cir. 1986). There, the Sixth Circuit remanded the case so that the *pro se* plaintiff could amend his civil rights complaint to name certain individuals as defendants even though he originally named only the state and one of its institutions as defendants. Plaintiff's letter, in contrast, raises new claims about different defendants and incidents that occurred at a different facility in a prior year.

In addition, the only relief sought in the letter is a transfer to a correctional facility "down state." "The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison, if . . . the State has more than one correctional institution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). This is true even if the degree of confinement in one prison is quite different from that in another prison, because the prisoner's conviction has sufficiently extinguished his liberty interest to empower the State to confine him in *any* of its prisons. *Id.* Simply stated, "[a] prisoner has no inherent constitutional right to be housed in a

particular institution . . . ." *Beard v. Livesay,* 798 F.2d 874, 876 (6th Cir. 1986)). Because Plaintiff did not identify the correctional officers who allegedly failed to protect him at the Cotton Correctional Facility as noted in his December 2018 complaint, Plaintiff failed to comply with the Court's order to identify the officers in his December 2018 complaint, the Court will dismiss the complaint without prejudice. Plaintiff may refile the complaint in this case number with the properly identified defendants. Plaintiff may also file a new complaint with any new allegations set forth in his letters with properly identified defendants.

### III. Conclusion

Plaintiff failed to comply with the Court's previous order.

IT IS ORDERED that the complaint is DISMISSED without prejudice. The Court also certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

<pre>
                                s/Denise Page Hood
                                DENISE PAGE HOOD
Dated:  June 28, 2019           CHIEF JUDGE, U. S. DISTRICT COURT
</pre>